IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>　　　　　　Plaintiff,<br>　v.<br>CURB, GUTTER & SIDEWALK, INC.,<br>　　　　　　Defendant. | Civil Action No. 3:08-cv-00221<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Odell Brown, Arthur Lauderdale, and a class of similarly-situated black employees, all of whom were adversely affected by such practices. Specifically, the Equal Employment Opportunity Commission alleges that Odell Brown, Arthur Lauderdale, and a class of similarly-situation black employees were terminated because of their race, black.

## JURISDICTION AND VENUE

1.　Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.　The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Curb, Gutter & Sidewalk, Inc. ("Defendant"), has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Indian Trail, North Carolina and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Odell Brown and Arthur Lauderdale filed charges with the EEOC alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about June 26, 2006, Defendant engaged in unlawful employment practices at its Indian Trail, North Carolina headquarters, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Specifically, Defendant terminated Odell Brown, Arthur Lauderdale, and a class of similarly-situated black employees because of their race, black. At the time of their termination, Odell Brown, Arthur Lauderdale, and a class of similarly-situated black employees were members of a protected class; they suffered an adverse employment action; they were performing their job

duties at a level that met Defendant's legitimate expectations; and their positions were filled by applicants outside of their protected class.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Odell Brown, Arthur Lauderdale, and a class of similarly-situated black employees of equal employment opportunities and otherwise adversely affect their status as employees because of their race.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 were done with malice or with reckless indifference to the federally protected rights of Odell Brown, Arthur Lauderdale, and a class of similarly-situated black employees.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for blacks, and that eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Odell Brown, Arthur Lauderdale, and a class of similarly-situated black employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of

its unlawful employment practices, including but not limited to rightful reinstatement of Odell Brown, Arthur Lauderdale, and a class of similarly-situated black employees.

D. Order Defendant to make whole Odell Brown, Arthur Lauderdale, and a class of similarly-situated black employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including job search expenses and front pay, in amounts to be determined at trial.

E. Order Defendant to make whole Odell Brown, Arthur Lauderdale, and a class of similarly-situated black employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including, but not limited to, emotional distress, inconvenience, loss of enjoyment of life, violation of civil rights, and humiliation caused by Defendant's discrimination, in amounts to be determined at trial.

F. Order Defendant to pay Odell Brown, Arthur Lauderdale, and a class of similarly-situated black employees punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the EEOC its costs of this action.

JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

RONALD S. COOPER
General Counsel

4

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

/s/   Lynette A. Barnes
LYNETTE A. BARNES (N.C. Bar No. 19732)
Regional Attorney

/s/ Tina Burnside
TINA BURNSIDE (WI Bar No. 1026965)
Supervisory Trial Attorney

/s/   Darrell E. Graham
DARRELL E. GRAHAM (MN Bar No. 290890)
Trial Attorney
email: darrell.graham@eeoc.gov
EQUAL   EMPLOYMENT   OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Phone: (704) 344-6885
Fax:    (704) 344-6780