**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

**CIVIL CASE NO. 3:08cv221**

| | |
|---|---|
| **EQUAL EMPLOYMENT** )<br>**OPPORTUNITY COMMISSION,** )<br>)<br>   **Plaintiff,** )<br>)<br>   **vs.** )<br>)<br>**CURB, GUTTER & SIDEWALK,** )<br>**INC.,** )<br>)<br>   **Defendant.** )<br>_____ ) | **CONSENT DECREE** |

  **THIS MATTER** is before the Court on the parties' Notice of

Settlement [Doc. 25] which contains a proposed Consent Decree and

request for approval thereof [Doc. 25-2].

  The Equal Employment Opportunity Commission (the "Commission"

or the "EEOC") instituted this action pursuant to Section 706(f)(1) and (3)

of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section

2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of

1991, 42 U.S.C. § 1981a. [Doc. 1].  The Commission's complaint alleged

that Curb, Gutter & Sidewalk, Inc. ("Defendant") discriminated against Odell Brown, Arthur Lauderdale, Larry Allen, Laney Davis, and Christopher Dunham (referred to collectively as the "Class Members") by terminating their employment because of their race, black. [Id.].

The Commission and Defendant stipulate that the allegations of the complaint establish jurisdiction of this Court over the parties and the subject matter of this action. The parties further stipulate that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation. It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; (3) the Defendant does not acknowledge or admit any fault or liability by entry of this Consent Decree; and (4) this Judgment resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** as follows:

1. Defendant shall not discriminate against any person by making employment decisions related to lay offs and terminations on the basis of race or any other protected category within the meaning of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant agrees to entry of a consent monetary judgment against it in this case in the aggregate sum of One Hundred Fifty Thousand Dollars ($150,000.00) in settlement of all of the claims raised in this action. The parties agree that the monetary judgment shall be allocated as follows: (a) Forty-Five Thousand Dollars ($45,000) to Odell Brown; (b) Forty-Five Thousand Dollars ($45,000) to Arthur Lauderdale; (c) Twenty Thousand Dollars ($20,000) to Larry Allen; (d) Twenty Thousand Dollars ($20,000) to Laney Davis; and (e) Twenty Thousand Dollars ($20,000) to Christopher Dunham. The Commission or the individual Class

Members listed above shall submit proofs of claim for unsecured claims in the amount of judgment as allocated to the individual Class Members in this paragraph to the United States Bankruptcy Court for the Western District of North Carolina, Case No. 09-31038 (the "Bankruptcy Proceedings") in accordance with the Bankruptcy Code and applicable law.

4. Within ten (10) days of the entry of this Decree by the Court, the Defendant shall eliminate from the employment records of Odell Brown, Arthur Lauderdale, Larry Allen, Laney Davis, and Christopher Dunham any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 430-2007-00013 and 430-2007-0015 and the related events that occurred thereafter. Within fifteen (15) days of the entry of this Decree by the Court, Defendant shall report compliance with this provision to the EEOC.

5. Within fifteen (15) days of the entry of this Judgment, Defendant shall provide to Odell Brown, Arthur Lauderdale, Larry Allen, Laney Davis, and Christopher Dunham a positive letter of reference, marked as Exhibit A and attached hereto. Said letter shall be mailed to each at the

mailing address specified by the EEOC. A copy of the letter sent to each individual shall be sent to the EEOC within ten (10) days of its mailing to each. In the event the Defendant receives verbal inquiries regarding the employment of any of the individuals above, the Defendant shall provide a copy of the aforementioned letter in lieu of an oral response. Within ten (10) days of responding to any inquiry regarding the employment of any of the above individuals, the Defendant shall provide to the EEOC the name and address of the person or entity to which the letter was provided, along with a copy of the actual letter that was sent.

6. Within ninety (90) days of the entry of this Decree by the Court, the Defendant shall adopt, implement, and distribute a written anti-discrimination policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against racial discrimination; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of racial discrimination. Defendant shall also adopt, implement, and distribute a written policy for determining which

employees will be laid off and which employees will be recalled. Said policy shall provide that such decisions will be based on legitimate, business factors and reasons. Defendant shall distribute to each current employee a copy of the policies within the aforementioned ninety (90) day time period. Within one hundred (100) days of the entry of this Decree, the Defendant shall report compliance to the EEOC. During the term of this Decree, the Defendant shall distribute the policies to all new employees and review the policies with them at the time of hire.

7. During the term of this Decree, the Defendant shall post a copy of the anti-discrimination policy described in paragraph 6, *supra*, at its business location at 4324 Matthews Indian Trail Road, Indian Trail, North Carolina, or any other business location should it move locations, in a place where it is visible to employees and where other notices to employees are routinely posted. If the policy becomes defaced or unreadable, the Defendant shall replace it by posting another copy of the policy. Within ninety (90) days after the Consent Decree is entered, the Defendant will post the policy and notify the EEOC that it has been posted.

8.    During the term of this Decree, the Defendant shall provide an annual training program to all of its managers, supervisors, and employees. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against retaliation in the workplace. Each training program shall also include an explanation of the Defendant's policies referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees and managers under the policies. Each training program may be given live or by video replay. The first training program shall be completed within one hundred (100) days after entry of the Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, the Defendant shall provide the EEOC with an agenda for the training program. Within ten (10) days after completion of each training program, the Defendant shall certify to the EEOC the specific training which was undertaken and shall provide the EEOC with a roster of all employees in attendance.

9.    Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, the Defendant

shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Decree, in a place where it is visible to employees at its business location(s) as specified in paragraph 6 above.

If the Notice becomes defaced or unreadable, the Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, the Defendant shall notify the EEOC that the Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, the Defendant shall provide the EEOC with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following:

a. the identities of all individuals who have been laid off or discharged, including, by way of identification, each person's name, address, telephone number, race, and job title;

b. the date of the lay off or termination;

c. the reason for the lay off or termination;

d. if the individual(s) was recalled or rehired, the date of return, job title, and salary; and

e. the identities of all individuals who have been hired, including, by

way of identification, each person's name, address, telephone number, race, and job title.

Defendant shall submit the reports to the EEOC four (4) months after the date of entry of this Consent Decree and every six months thereafter during the term of this Decree. In the event there is no activity to report pursuant to this paragraph, Defendant shall send EEOC a "negative" report indicating no activity.

11. The EEOC may review compliance with this Decree. As part of such review, the EEOC may inspect the Defendant's facility, interview non-management employees, interview management employees in the presence of the Defendant's counsel or corporate representative, and examine and copy relevant documents. The EEOC shall give Defendant and Angelique R. Vincent of Robinson, Bradshaw & Hinson, P.A., as counsel for the Defendant, three (3) business days notice if it intends to interview the Defendant's management employees, and the Defendant will attempt to have its counsel or corporate representative available for the proposed interviews by the announced time. If it fails to do so, the EEOC can conduct said interviews without the Defendant's counsel or corporate representative being present. The EEOC shall

provide notice required pursuant to this paragraph by facsimile transmission directed to the attention of Dana Richardson for the Defendant at (704)821-4753 and to Ms. Vincent at (704)373-3957.

12. If anytime during the term of this Decree the EEOC believes that the Defendant is in violation of the Decree, the EEOC shall give notice of the alleged violation to the Defendant. The Defendant shall have fifteen (15) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of fifteen (15) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the EEOC exercises any remedy provided by law.

13. The term of this Decree shall be for five (5) years from its entry by the Court unless the Defendant closes its business operations in their entirety before expiration of the term. Should the Defendant close its business operations before the end of five (5) years from entry of the Decree, the Defendant's obligations under the Decree shall cease immediately upon closing its business. The Defendant shall provide the EEOC with written notice within fifteen (15) days should it close its business operations.

Should Dana Richardson ("Richardson"), as owner of Defendant, subsequently assume majority ownership interest in any corporate entity engaged in the same or substantially similar business as the Defendant during the five (5) year term of this Decree, that corporate entity shall comply with and be subject to the injunctive and non-monetary relief provided in this Decree for the remainder of the term. Richardson shall provide the EEOC written notice within fifteen (15) days of assuming majority ownership interest in any such corporate entity as provided in this paragraph.

14. All reports or other documents sent to the EEOC by the Defendant pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

15. Each party shall bear its own costs and attorney's fees.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

_____

Signed: August 4, 2009

Martin Reidinger
United States District Judge

**EXHIBIT A**

**TO WHOM IT MAY CONCERN:**

We are pleased to provide the following reference on behalf of our former employee Larry Allen.

Mr. Allen was employed by Curb, Gutter & Sidewalk, Inc. on our concrete pour crew from July 27, 2005 to June 26, 2006.

We hope that this information about Mr. Allen is helpful to you in considering him for employment.

Sincerely,

_____
President
Curb, Gutter & Sidewalk, Inc.

**EXHIBIT A**

**TO WHOM IT MAY CONCERN:**

We are pleased to provide the following reference on behalf of our former employee Odell Brown.

Mr. Brown was employed by Curb, Gutter & Sidewalk, Inc. on our concrete pour crew from September 24, 2001 to June 26, 2006.

We hope that this information about Mr. Brown is helpful to you in considering him for employment.

Sincerely,

_____
President
Curb, Gutter & Sidewalk, Inc.

**EXHIBIT A**

**TO WHOM IT MAY CONCERN:**

We are pleased to provide the following reference on behalf of our former employee Laney Davis.

Mr. Davis was employed by Curb, Gutter & Sidewalk, Inc. on our concrete pour crew from April 6, 2000 to June 26, 2006.

We hope that this information about Mr. Davis is helpful to you in considering him for employment.

Sincerely,

_____
President
Curb, Gutter & Sidewalk, Inc.

# EXHIBIT A

**TO WHOM IT MAY CONCERN:**

We are pleased to provide the following reference on behalf of our former employee Christopher Dunham.

Mr. Dunham was employed by Curb, Gutter & Sidewalk, Inc. on our concrete pour crew from March 27, 2006 to June 29, 2006.

We hope that this information about Mr. Dunham is helpful to you in considering him for employment.

Sincerely,

_____
President
Curb, Gutter & Sidewalk, Inc.

**TO WHOM IT MAY CONCERN:**

We are pleased to provide the following reference on behalf of our former employee Arthur Lauderdale.

Mr. Lauderdale was employed by Curb, Gutter & Sidewalk, Inc. on our concrete pour crew from February 28, 1999 to June 26, 2006.

We hope that this information about Mr. Lauderdale is helpful to you in considering him for employment.

Sincerely,

_____
President
Curb, Gutter & Sidewalk, Inc.

**EXHIBIT B**

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CIVIL CASE NO. 3:08cv221**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | **EMPLOYEE** |
| **vs.** | ) ) | **NOTICE** |
| **CURB, GUTTER & SIDEWALK, INC.,** | ) ) ) | |
| **Defendant.** | ) ) ) | |

1.    This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Curb, Gutter & Sidewalk, Inc. ("Defendant") in a case of discrimination based on race.  Specifically, the EEOC alleged that Defendant discriminated against Odell Brown, Arthur Lauderdale, Larry Allen, Laney Davis, and Christopher Dunham by terminating their employment because of their race, black, in violation of Title VII of the Civil Rights Act of 1964.

2.    Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability.  Federal law also prohibits retaliation against employees

because they have opposed unlawful employment discrimination investigation, proceeding or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3.    Defendant will comply with such federal laws in all respects. Furthermore, Defendant will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U.S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This notice will remain posted for at least five (5) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2014.